```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

SAMUEL K. ROUSE,                     *
                                     *
    Plaintiff,                       *
                                     *
vs.                                  *   CIVIL ACTION No. 04-00040-P-B
                                     *
JO ANNE B. BARNHART,                 *
Commissioner of Social               *
Security,                            *
                                     *
    Defendant.                       *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney's Fees, and supporting memorandum (Docs. 32 & 33). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).  Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff should receive a reasonable attorney's fee in the amount of $1,762.50.

**I.   Findings Of Fact**

1.   Plaintiff commenced this action on January 16, 2004. (Doc. 1).  On February 22, 2005, the Court entered Judgment pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and remanded this cause to afford the Commissioner of Social Security an opportunity to locate missing documents and thereby provide an accurate and complete record.

(Doc. 31).

2.     Plaintiff filed the instant motion for attorney's fees on May 23, 2005.   (Docs. 32 & 33).   In the motion, Plaintiff requests an attorney's fee award of $3,079.60.   (Id.)   The attorney's fee award represents a total of 20 hours, at an hourly rate of $153.98 per hour, for time spent representing Plaintiff in this Court.   (Id.)

3.     The Commissioner of Social Security filed a Response to Plaintiff's motion on June 13, 2005, wherein she objects to both the requested hourly rate and the number of hours submitted.   (Doc. 35).

## II. Conclusions Of Law

The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).   See also Jean v. Nelson, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v.

Jean, 496 U.S. 154 (1990).

> **A.   EAJA Hourly Rate**

1.   The EAJA (as amended)[1] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.)

2.   In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

Id. at 1033-1034 (citations and footnote omitted).

---

[1] On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour.  See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000).  These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

3.  Although Plaintiff argues that an increase in the cost of living has occurred thus justifying a 23% fee increase, he has cited no cases from this district in which a fee in excess of the $125.00 cap was awarded.  Moreover, the Court's own research has revealed that $125.00 per hour is the going rate in this District for social security awards.  See, e.g., Boone v. Apfel, CV 99-0965-CB-L (August 20, 2001) (adopted Magistrate Judge's recommendation that the prevailing market rate be raised from $117.00 to the EAJA cap of $125.00); Willits v. Massanari, CV 00-0530-RV-C (same); and Boggs v. Massanari, CV 00-0408-P-C (same).

4.  While the district court has authority to increase the fee, it is not required to do so.[2]  Id.; Hall v. Shalala, 50 F.3d 367, 369 (5th Cir. 1995), aff'd., 50 F.3d 367, reh'g den., 62. F.3d 398 (5th Cir. 1995).  As aptly noted by the Fifth Circuit, the statutory cap serves to "ensure an adequate source of representation" and to minimize the cost of representation to tax payers - the dual purposes of the EAJA.  Id. at 369-370.  Based on the record before the Court, the undersigned finds that the requested 23% fee increase is not justified, and that the

---

[2] See also Pierce v. Underwood, 487 U.S. 552, 571-572 (1987) (holding that Congress determined that $125.00 per hour is "quite enough" public reimbursement for Social Security counsel under EAJA); and Waller v. Commissioner of Social Security, CV 01-0253-BH-L (Jan. 21, 2003).

4

current $125.00 rate is adequately ensuring that the purposes of the EAJA are met.  Accordingly, the undersigned recommends a hourly rate of $125.00.

**B.      Reasonableness of Hours**

5.   The undersigned must also determine the reasonableness of the hours claimed by Plaintiff's attorney, Ms. Rose A. McPhillips, Esq., in light of Defendant's contention that the requested 20 hours of time "is excessive in light of the brevity and small number of pleadings Plaintiff filed in this matter[]" and that only 13.8 of the hours should be compensated.  (Doc. 35 at 5).  Specifically, Defendant opposes Plaintiff's counsel being compensated for 5.9 hours spent preparing an initial summarization of the record and beginning to draft Plaintiff's proposed report and recommendation, because "she should have known, based on her itemization, that the record was incomplete when she received and reviewed it [for some 1.8 hours] on November 27, 2004."  (Id.)  Defendant also opposes Plaintiff's counsel being compensated for 1.3 hours spent preparing the EAJA petition, because this Court typically awards 1.0 hour for preparation of the fee petition, and in this instance, Plaintiff's counsel "used a modified version of a brief that has been used and awarded time in other EAJA petitions in this Court[]" and as such, should not be compensated for the .3

hours.  (Id.)

6.   In the case sub judice, attached to Plaintiff's motion, is a time sheet detailing the description of work performed, the time expended and the date on which the work was performed. (Doc. 32 at Attachment 2).  The undersigned has reviewed the pleadings of the parties and the itemization and finds that some of times attributed to the task are due to be reduced.

7.   First, the undersigned agrees with Defendant's claim that Plaintiff's counsel should not be compensated for 5.9 hours of time spent preparing an initial summarization of the records (2.7 hours) and beginning to draft the proposed report and recommendation (3.2 hours).  (Doc. 35 at 2).  Based on the time sheet, it is clear that Plaintiff's counsel had already completed an initial review of the transcript before commencing these two tasks.  Thus, this initial review should have alerted Plaintiff's counsel to the fact that various standard documents were missing from the transcript.  Accordingly, the additional 5.9 hours spent summarizing the records and working on the proposed report and recommendation should be deducted as unreasonable.

8.   Second, Defendant's claim that Plaintiff's counsel should not be compensated for .3 hours of the 1.3 hours submitted for preparation of Plaintiff's EAJA documentation is

without merit. (Doc. 35 at 5). The undersigned has compared the motion and brief filed by Plaintiff's counsel in the present case to other motions and briefs she has filed in different cases, such as in Goodman v. Barnhart, CV-03-00669-C, and is satisfied that the arguments have been sufficiently altered. Accordingly, the undersigned recommends that the 1.3 hours of attorney work, listed as preparing EAJA documentation on May 21, 2005, be included in the total number of hours.

9. In sum, under the circumstances and given the usual number of hours billed by attorneys in similar actions, the undersigned recommends a total reduction of time of 5.9 hours such that Plaintiff's counsel is entitled to 14.1 hours of attorney time expended representing Plaintiff in federal court. See, e.g., Coleman v. Apfel, 2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

10. Based upon the foregoing, Plaintiff should be awarded an attorney's fee in the amount of $1,762.50, based upon the EAJA statutory cap and prevailing market rate of $125.00 for the 14.1 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

### III. CONCLUSION

Therefore, upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's

Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act be **DENIED in part** and **GRANTED in part**, as follows: the EAJA award should be limited to the EAJA rate of $125.00 per hour, thereby resulting in an award of $1,726.50 for 14.1 attorney hours spent representing Plaintiff in connection with this action.

    The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

    DONE this **23rd** day of **November, 2005**.

                                                    /s/ Sonja F. Bivins
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

             /s/ SONJA F. BIVINS
             **UNITED STATES MAGISTRATE JUDGE**